ABNER GRAY, BY RECEIVER, v. F. P. FULLER ET UX.

Decided March 9, 1909.

**1.—Pleading—Plea in Abatement—Amendment—Due Order of Pleading.**

When a plea in abatement filed in due order is defective it may be amended after answer to the merits, and in so far as the question of due order of pleading is concerned the amended plea must be considered as of the date of the filing of the original plea.

**2.—Briefs—Assignments of Error—Statement.**

Where the assignment of error complained that "The court erred in sustaining defendant's plea in abatement and dismissing plaintiff's suit on the evidence," and the proposition was that "The action of the County Court in appointing the receiver (plaintiff) was neither void nor subject to attack in a collateral proceeding," a statement thereunder, viz.: "Defendant's plea in abatement seeks to invalidate this receiver's appointment on account of the manner in which that appointment was made," was clearly insufficient to entitle the assignment to consideration.

**3.—Same.**

Under a proposition that "The receiver (plaintiff) had authority to bring and maintain the suit as shown by his letters of appointment and application

therefor," a statement only showing that the order of appointment authorized him "To enter into a contract for the lunatic with attorneys to recover any real property to which he may be entitled," in absence of the plea in abatement or its substance, was insufficient to require consideration of an assignment complaining that it was error to sustain the plea in abatement.

#### 4.—Same.

An assignment complaining of the refusal to allow plaintiff to amend his petition, could not be considered in the absence of a showing that a request for leave to amend was made and refused by the court.

Appeal from the District Court of Newton County. Tried below before Hon. W. B. Powell.

*West & Synnott,* for appellant.

*George G. Clough* and *Aubrey Fuller,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by S. P. Gray as receiver of the estate of Abner Gray, who is alleged in the petition to be a person of unsound mind, against appellees, F. P. Fuller and wife, Fannie Fuller, to recover an undivided one-tenth interest in twenty-seven lots in the town of Newton, and to have partition made of said property between plaintiff and said defendants. Upon the trial in the court below a plea in abatement presented by defendants was sustained and plaintiff's suit dismissed.

The first and second assignments are presented together in appellant's brief. These assignments are as follows: "The court erred in overruling plaintiff's objections to defendants' request for leave to amend their answer as shown by plaintiff's bill of exceptions No. 1." "The court erred in overruling plaintiff's motion to strike out defendants' plea in abatement as contained in their first amended original answer."

The first proposition under these assignments is: "A plea in abatement comes too late after exceptions are filed." The second proposition is: "A plea in abatement comes too late after an answer to the merits is filed." The statement under the propositions is, in substance, that on March 2, 1908, defendants filed an answer containing general and special exceptions, plea of not guilty, and pleas of improvements in good faith, but no plea in abatement, the court having held on a hearing of the case on March 3d that the plea in abatement filed and presented on March 2 was insufficient. Thereafter, on the 3d day of March, defendants filed an amended plea in abatement, which was sustained by the court. The bill of exception referred to in assignment No. 1, and which was approved by the court, is as follows: "Be it remembered that on this 3d day of March, 1908, came on to be heard the defendants' plea in abatement, and both parties appearing by their attorneys announced ready for trial on said plea, whereupon the said defendants offered evidence under said plea and the court sustained objections of plaintiff's attorneys to any evidence on the ground that the plea was not sufficient to admit evidence, and the attorneys for defendants thereupon asked leave to amend, to which the plaintiff's attorneys then and there objected on the grounds that

the answer of the said defendants contained no plea in abatement and did contain pleas in bar, and insisted that a plea in abatement would come too late and would not be filed in the due order of pleading, which objections were by the court overruled and leave granted to the said defendants to file an amendment to said plea, to which action of the court the said plaintiff by his attorneys then and there in open court excepted, and tenders this as his first bill of exceptions and asks that same be approved by the court and made part of the record in this case."

These assignments are not sustained by the bill of exceptions referred to therein, nor by the statement made in the brief. Both the bill of exceptions and the statement made by appellant show that on the 2d of March the defendants presented what was intended as a plea in abatement, and the bill of exceptions shows that evidence was offered by appellees in support of said plea, and that upon objection by the appellant the evidence so offered was excluded on the ground that the plea was insufficient to admit same. The pleading to which this exception was sustained is not set out in the statement under these assignments, but we have examined the record and find that it was in fact a defective plea in abatement, and was presented and passed upon as such. It follows from these facts that the authorities cited by appellant to sustain the contention that a plea in abatement will not be heard if not filed until after an answer to the merits has been filed, have no application. The amendment of the plea was permissible, and in so far as the question of due order of pleading is concerned it must be considered as of the date of the filing of the original plea.

The third assignment of error is as follows: "The court erred in sustaining defendants' plea in abatement and dismissing plaintiff's suit on the evidence." The first proposition under this assignment, with the statement thereunder, is as follows: "The action of the County Court in appointing the receiver was neither void nor subject to attack in a collateral proceeding."

"Statement:—Defendants' plea in abatement seeks to invalidate this receiver's appointment on account of the manner in which that appointment was made." This statement is clearly insufficient to entitle the assignment to consideration. We are not informed by the statement what facts were pleaded by defendants in abatement of plaintiff's suit nor what evidence was adduced under said plea, and upon this showing we can not say that any error was committed by the trial court in sustaining the plea.

The second proposition under this assignment is as follows: "The receiver had authority to bring and maintain this suit, as shown by his letters of appointment and application therefor." The statement under this proposition only shows that the order of the County Court appointing the appellant receiver authorized him "To enter into a contract for the said Abner Gray with attorneys to recover any real property to which he may be entitled." The plea in abatement not being copied in the statement, and no statement being made of the substance of said plea or of the grounds therein urged for the abatement of the suit, we can not say that the fact that the order appointing

the received authorized him to contract with attorneys for the recovery of any land belonging to Abner Gray, was an answer to the plea, or that because this fact was shown the court erred in sustaining said plea.

The fourth assignment complains of the refusal of the trial court to allow plaintiff to amend his petition. The statement under this assignment is as follows: "The grounds for abating the suit were laid down in defendents' answer as the improper procedure employed by the County Court in making the appointment, and the incapacity of the receiver to maintain the suit." This statement is clearly insufficient to entitle the assignment to consideration. It does not show that any request for leave to amend was made by plaintiff and refused by the court, and, even if this should be inferred, the statement would be insufficient because it fails to show when, or under what circumstances, such request was made, or to state any fact which indicates that any error was committed by the court in refusing to permit the amendment.

There being no error pointed out in appellant's brief which requires a reversal, the judgment of the court below is affirmed.

*Affirmed.*